## DONAHUE et al. v. GIFT et al.

Where the defendant, in consideration of the extension, by plaintiffs, of a note held by them against A, executed a guaranty that the same should be paid within a specified time, with increased interest, by the checks of the defendant, and from the proceeds of sales of his own property, and providing that a failure of defendant to comply with his guaranty should operate as a determination of the extension granted to A : *Held*, that, under the proviso, the plaintiffs must first exhaust their remedy against A, on the original demand, and that then they could compel the guarantor to make good the deficiency.

APPEAL from the Superior Court of the City of San Francisco.

The facts of this case are sufficiently stated in the opinion of the Court.

*Peyton, Duer, Lake & Rose,* for Appellants.

*P. Barry* for Respondents.
No briefs on file.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The only question of importance in this case regards the true construction of the following instrument, namely : " San Francisco, July 22, 1856. Whereas, George W. Gift is indebted to J. and P. Donahue, by note dated December 1, 1855, for ten thousand dollars, payable six months after date, with interest at the rate of ten per cent. per annum, which, for value received, I have secured by mortgage ; Now, in consideration of one dollar, to me paid, and the consent of the said J. and P. Donahue, to extend the time of payment of said note for twelve months from the fourth day of June last, I guaranty and go security that said George W. Gift will pay said note, in twelve months from said fourth day of June ; and, furthermore, that he will pay interest on principal and interest, up to that time, at the rate of two and a half (2½) per cent. per month, said interest payable quarterly; and the said increased interest is as fully secured by the said mortgage, as the said note.

" And, for the same consideration, I furthermore agree to give to the said J. and P. Donahue, my four checks, on the Sub-Treasurer of the United States, at San Francisco, for my quarterly salary, each check being for the sum of seven hundred and fifty dollars, the proceeds of said checks to be applied, first, to the

payment of interest as above mentioned, and the balance, if any, to the principal of the said note ; and that I will also proceed to sell, according to the demands of the market, and at fair rates, any cattle or live stock, barley or hay, which I may now have in my possession, or which may be raised on my rancho, near Martinez, and, as they are sold, pay over to the said J. and P. Donahue the proceeds thereof, to be applied to the payment of said note and interest, and I hereby agree that, should I fail to pay over said checks, or the proceeds of sales of said live stock or produce to the said J. and P. Donahue, or to pay said interest quarterly as aforesaid, it shall amount to a forfeiture of the extension first above mentioned.

"In witness whereof, I have hereunto set my hand and seal.
"Wm. W. Gift.
"In presence of E. V. Joice."

The defendant, William W. Gift, having failed to deliver the check for his first quarterly salary, and having sold the cattle and hay upon the rancho, and failed to pay the proceeds to plaintiffs, they recovered judgment against him for the amount of the check, and the value of the property sold; from which judgment he appeals to this Court.

It will be seen that defendant, William W. Gift, was not a party to the note of George W. Gift, but he was only liable upon his mortgage, and then only to the extent of the mortgaged premises.   The liability incurred by the above agreement was a mere personal liability, and did not create any lien upon property.   By this instrument, W. W. Gift did guaranty the payment of the entire amount of the note of George W. Gift, at the end of twelve months, with an increased rate of interest.   He also bound himself that the interest should be paid quarterly, and that his salary, and the proceeds arising from the sales of certain property, should be first applied to the payment of the interest, and then to the principal.   If the agreement had stopped here, there would have remained no doubt as to the right of the plaintiffs to recover.   But the parties have themselves expressly stated what shall be the effect of a failure to pay over the checks, or proceeds of the sale of the property, or to pay the quarterly interest; and the effect, as stated by them, was simply that the *extension* of the time of payment mentioned in the note and mortgage should be *forfeited*.   This left the plaintiffs at liberty to pursue their remedy upon the note and mortgage, and in case there should be a deficiency, then the guaranty of W. W. Gift would compel him to make good the entire debt, at the end of the period agreed upon.

We think the Court below erred in its construction of the contract, and the decision is reversed, and the plaintiffs' case dismissed, with costs.